# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| **Appeal No. & Caption** | 23-2084; Martin v. Parker |
|---|---|
| **Originating No. & Caption** | 1:22-cv-01388-TSE-LRV; Parker v. Martin |
| **Originating Court/Agency** | E.D. Va. (on appeal from Bankr. E.D. Va.) |

| **Jurisdiction** (answer any that apply) | |
|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. § 158(d)(1) |
| Time allowed for filing in Court of Appeals | 30 Days |
| Date of entry of order or judgment appealed | 9/11/2023 |
| Date notice of appeal or petition for review filed | 10/11/2023 |
| If cross appeal, date first appeal filed | n/a |
| Date of filing any post-judgment motion | n/a |
| Date order entered disposing of any post-judgment motion | n/a |
| Date of filing any motion to extend appeal period | n/a |
| Time for filing appeal extended to | n/a |
| Is appeal from final judgment or order? | ⦿ Yes    ◯ No |
| If appeal is not from final judgment, why is order appealable? n/a | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.) | | |
|---|---|---|
| Is settlement being discussed? | ◯ Yes | ⦿ No |

1/28/2020 SCC

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ● Yes | ○ No |
| Has transcript been filed in district court? | ○ Yes | ● No |
| Is transcript order attached? | ● Yes | ○ No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | n/a | |
| Case number of any pending appeal in same case | n/a | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | None known. | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ● No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ● Yes | ○ No |
| Does case involve question of first impression? | ○ Yes | ● No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ● No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| **Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| See Attachment 1. |

| **Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary) |
|---|
| See Attachment 2. |

| **Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.) ||
|---|---|
| Adverse Party: Deborah F. Parker<br><br>Attorney: Robert Brandt<br>Address: The Law Office of Robert S. Brandt<br>            600 Cameron Street<br>            Alexandria, VA  22314<br><br><br>E-mail: brandt@brandtlawfirm.com<br><br>Phone: 703-342-7330 | Adverse Party:<br><br>Attorney:<br>Address:<br><br><br><br><br>E-mail:<br><br>Phone: |
| **Adverse Parties (continued)** ||
| Adverse Party:<br><br>Attorney:<br>Address:<br><br><br><br><br>E-mail:<br><br>Phone: | Adverse Party:<br><br>Attorney:<br>Address:<br><br><br><br><br>E-mail:<br><br>Phone: |

| **Appellant** (Attach additional page if necessary.) ||
|---|---|
| Name: Dan G. Martin<br>(individually and as executor)<br>Attorney: Lori D. Thompson; Brian H. Richardson<br>Address: Spilman Thomas & Battle, PLLC<br>     310 First Street, Suite 1100<br>     Roanoke, Virginia 24011<br><br>E-mail: lthompson@spilmanlaw.com<br>Phone: 540-512-1800 | Name:<br><br>Attorney:<br>Address:<br><br><br><br><br>E-mail:<br>Phone: |
| **Appellant (continued)** ||
| Name:<br><br>Attorney:<br>Address:<br><br><br><br><br>E-mail:<br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br><br><br><br>E-mail:<br>Phone: |

Signature: /s/ B. Richardson     Date: 10/31/2023

Counsel for: Plaintiff-Appellant

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on 10/31/2023 by ☐ personal delivery; ☑ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

Deborah F. Parker
c/o Robert S. Brandt
   The Law Office of Robert S. Brandt
   600 Cameron Street
   Alexandria, VA  22314

Signature: /s/ B. Richardson     Date: 10/31/2023

## Attachment 1 to Docketing Statement -- (Case No. 23-2084)

**Nature of the Case:**

This case involves the Plaintiff-Appellant's challenge to dischargeability of a debt owed by Defendant-Appellee pursuant to Section 523 of Title 11 of the United States Code.

The Bankruptcy Court held trial on the merits in connection with these proceedings on November 2, 2022 (the "Trial"), and on November 23, 2022, issued its *Final Order and Judgment*, with its accompanying *Findings of Fact and Conclusions of Law* (collectively, the "Non-Dischargeability Order"), in which the Bankruptcy Court determined that the debt owed by Defendant-Appellee to Plaintiff-Appellant was non-dischargeable under the embezzlement exception to dischargeability pursuant to 11 U.S.C. § 523(a)(4).

Defendant-Appellee appealed the Non-Dischargeability Order to the United States District Court for the Eastern District of Virginia.

The District Court reversed the Bankruptcy Court, citing "clear error" in the Bankruptcy Court's findings of fact supporting its Non-Dischargeability Order, including the finding that Defendant-Appellee acted with the required intent.

Plaintiff-Appellant now appeals the District Court's reversal.

**Attachment 2 to Docketing Statement -- (Case No. 23-2084)**

**Non-Binding Statement of Issues on Appeal:**

1. Did the District Court err in determining the evidence was insufficient to support the Bankruptcy Court's determination that a debt was non-dischargeable under the embezzlement exception of 11 U.S.C. § 523(a)(4)?

2. Did the District Court err by improperly substituting its judgment for that of the Bankruptcy Court on findings of fact when the District Court determined there was insufficient evidence to support the Bankruptcy Court's determination that a debt as non-dischargeable under the embezzlement exception of 11 U.S.C. § 523(a)(4)?

3. Did the District Court err in applying elements of criminal embezzlement to a determination of dischargeability of a debt in bankruptcy under the embezzlement exception of 11 U.S.C. § 523(a)(4)?

4. Did the District Court err in finding that because the Bankruptcy Court did not explicitly state that the debtor was not credible, that the Bankruptcy Court committed clear error in finding that the debtor had fraudulent intent?

5. Did the District Court err in when it looked behind a final judgment of the Virginia State Court to find the evidence presented in state court insufficient to support the Bankruptcy Court's determination that a debt was non-dischargeable under the embezzlement exception of 11 U.S.C. § 523(a)(4)?

6. Did the District Court err in finding that the debtor acted with a good-faith belief, where the Bankruptcy Court that heard all of the testimony found that the debtor acted with fraudulent intent?

**Note Regarding Transcripts:**

- The transcript from the trial in the Bankruptcy Court has already been ordered, prepared, and was included in the record on appeal to the District Court.
- The transcript from the oral argument held by the District Court has been ordered, and a copy of the order form is attached.